JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry is not an opinion of the court under S.Ct.R.Rep.Op. 3(A).
Defendant/third-party plaintiff-appellant Barbara Wiethe appeals the trial court's refusal to grant her motion to hold third-party defendant-appellee The Home Depot in breach of a mediation agreement. We affirm.
This dispute arose out of problems in installing a new kitchen in Wiethe's home. The initial installation was unsatisfactory, and Wiethe refused to pay. Plaintiff-appellee Monogram Credit Card Bank of Georgia sued Wiethe to collect the payments for that installation. Eventually, Home Depot agreed to make the necessary repairs. The parties went to court-ordered mediation and settled on a mediation agreement. But whenever Home Depot tried to schedule the completion of the work, Wiethe claimed that she was busy. So Home Depot moved to enforce the mediation agreement, and Wiethe moved to hold Home Depot in breach of the agreement. The trial court held a hearing and granted Home Depot's motion. Home Depot finished the work, and Wiethe filed a notice of dismissal. But Wiethe still appealed the trial court's decision.
The notice of dismissal was filed, with Wiethe's signature, a week before Wiethe filed her notice of appeal. The dismissal stated, "In accordance with the Settlement Agreement entered into by the parties * * *, Defendant/Third Party Plaintiff Barbara Wiethe hereby dismisses, withprejudice, her counterclaim against Plaintiff Monogram Credit Card Bank of Georgia and her claims against Third Party Defendant The Home Depot." Monogram Credit also dismissed its claims against Wiethe.
The dismissal ended the case. This appeal should not have been filed.
Even if Wiethe had not signed the dismissal, the trial court made the right call: the record shows that it was Wiethe's constant unavailability that thwarted Home Depot's attempts to complete the work. Home Depot repeatedly tried to complete the work, but Wiethe prevented it. Home Depot did not breach the mediation agreement.
We therefore overrule Wiethe's sole assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hendon and Winkler, JJ.
 Winkler, retired, from the First Appellate District, sitting by assignment.